**In the Matter of ILLINOIS POWER CO. et al.**

**Civil Action No. 1033.**

United States District Court
D. Delaware.
May 26, 1949.

Harry G. Slater and Joseph Auerbach, Washington, D. C., for the Securities and Exchange Commission.

Stoddard M. Stevens and Henry N. Ess, III (of Sullivan & Cromwell), New York City, for North American Co.

Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., and Clayton E. Kline, of Topeka, Kansas, for North American Light & Power Co.

Percival E. Jackson, New York City, for common stockholders.

Arthur E. Whittemore, of Boston, Mass., for Francis W. Emerson et al., common stockholders.

LEAHY, Chief Judge.

This is an application to require North American Light & Power Company ("Light & Power") to turn over to its public stockholders dividends collected by it since June 25, 1947, or, in the alternative, December 18, 1947, on stock of Illinois Power Company ("Illinois Power"), awarded to the public stockholders under the plan of dissolution of Light & Power. The plan was approved by the SEC June 25, 1947 and by this court on November 6, 1947. See In re Illinois Power Co., D.C.Del., 74 F. Supp. 317, affirmed In re North American Light & Power Co., 3 Cir., 170 F.2d 924. In accordance with a provision of the plan, Light & Power attained sufficient funds on or about December 16, 1947, necessary to retire the preferred stock. As indicated, stockholders of United Light & Power appealed the order of this court approving the plan. The Court of Appeals issued its mandate affirming. The common stockholders who appealed applied for no stay and no stay was sought or granted.

Pending the appeal, a group of public common stockholders of Light & Power who had not appealed asked the SEC on March 10, 1948, for an order declaring that they were entitled to receive under the plan dividends paid by Illinois Power to Light & Power on the stock of the former and which was to be distributed under the plan. Since the SEC approved the plan at least four quarterly dividends were paid. The SEC denied the application. Again on November 8, 1948, the dividends were sought. Light & Power opposed the dividends going to the persons who were to receive the Illinois Power stock under the plan. The SEC again denied the application and held the application should be made to this court.

The plan was declared effective January 14, 1949 and distribution began soon thereafter to Light & Power public stockholders at the rate of 3/10 per share of Illinois Power. Such distribution carries with it any dividend on such stock declared by Illinois Power after January 14, 1949. The plan provided it should be declared effective and consummated as soon as reasonably practicable after the funds needed to liquidate the preferred stock of Light & Power became available and that "on or before such effective date, all funds necessary for such payments to the holders of such Light & Power preferred stock, and all certifi-

cates for shares of Illinois Power Company common stock and fractional scrip distributable to the holders of such Light & Power common stock, shall be set aside by Light & Power, separate and apart from its other funds and assets, in trust for the pro rata benefit of the holders of such Light & Power preferred stock and of such Light & Power common stock entitled to receive the same, so as to be and continue to be available for such payments and distributions in exchange for their Light & Power stock certificates; * * *."

It appears that Light & Power failed to set aside the certificates of Illinois Power common stock distributable to Light & Power public stockholders, and failed to declare the plan effective as to the holders of such stock. The dividends here in suit which have been received by Light & Power aggregate 90¢ per share of publicly held Light & Power common stock for the full period since the SEC approved the plan and 60¢ for the period which has elapsed since this court entered its order for enforcement of the plan and since the period of December 18, 1947.

On these facts the public stockholders of Light & Power seek, as of January 14, 1949, the four quarterly dividends received by Light & Power upon the Illinois Power stock distributed to Light & Power public stockholders.

Light & Power argue that for this court to decide the fate of the dividends in question is tantamount to amending the plan and this the court is without power so to do. I agree with the SEC that this point has no merit. The area of dispute which is discussed in the Engineers case, In re Engineers Public Service Co., 3 Cir., 168 F.2d 722, as to the scope of power in this court in reviewing action of the SEC, has no place in the pending application for here the court is simply supervising assets affected by a dissolution. As stated by the SEC, this is an example of a situation in which the district court acts independently and not in a reviewing function.

Since I think the dividends on Illinois Power declared since December 18, 1947 * should attach to the Illinois Power stock on the basis of general equitable principles, it is unimportant to determine whether as a matter of construction my previous order required this. It is unnecessary to construe my previous order not only because general jurisdiction was reserved but also because I find—and the SEC concedes— that whichever way this question of dividends is decided is not of sufficient magnitude to affect the basic fairness of the plan. Since in matters of this nature it is impossible to achieve mathematical precision or certainty, I agree with the SEC that the plan need not be disturbed, regardless of whether the dividends presently sought are required to be distributed.

I think that general equitable principles require the dividends to attach to the public stock. This conclusion is based on the circumstance that at the time the SEC balanced the various equivalences it contemplated that Illinois Power would begin to pay regularly quarterly dividends on its stock. Consequently, only the fortuitous delay in the consummation of the plan prevented the public stockholders from receiving the benefits of the dividends.

The present application should be granted and Light & Power should be directed to pay to its former public stockholders dividends which accrued on the Illinois Power stock, now distributed to such stockholders, since December 18, 1947.

An appropriate order in accordance with this opinion should be submitted.

---

* I think December 18, 1947 and not June 25, 1947 so obviously a correct operative date that the question needs no discussion. In fact, one of the group of contesting stockholders now concedes that fact.