## In re COMMONWEALTH & SOUTHERN CORPORATION.

### Civ. A. No. 1175.

United States District Court
D. Delaware.

July 6, 1949.

Harry G. Slater, Sidney Shemel and Joseph M. Paul, Jr., of Washington, D. C., for the Securities and Exchange Commission.

George Roberts, John C. Weadock, Hayden N. Smith, Allison Choate and George L. Brain (of Winthrop, Stimson, Putnam & Roberts), of New York City, for Commonwealth & Southern Corporation.

Alfred J. Snyder and Elizabeth C. Lownsbury, of Philadelphia, Pa., common stockholders, for themselves, various other common stockholders and option warrant holders.

George S. Munson (of Townsend, Elliott & Munson), of Philadelphia, Pa., for Edward Hopkinson, Jr., et al., as Committee for Preferred Stockholders of Commonwealth & Southern Corporation.

William Clarke Mason, Thomas B. K. Ringe, H. Orvel Sebring, Jr., and Martin P. Snyder (of Morgan, Lewis & Bockius), of Philadelphia, Pa., and Garfield Scott, of Philadelphia, Pa., for The United Gas Improvement Corporation, a preferred stockholder.

John Schulman (of Hays, St. John, Abramson & Schulman), of New York

City, for Arthur W. Loew, a common stockholder.

Lawrence E. Brown, of Scottsboro, Ala., an option warrant holder, for himself and other option warrant holders.

M. Victor Leventritt, of New York City, for Adelaide H. Knight, option warrant holder.

George Rosier, of New York City, for Investment Associates, a common stockholder.

Samuel Zinman, of New York City, a preferred stockholder, for himself and preferred stockholders.

LEAHY, Chief Judge.

This case involves an amended plan of The Commonwealth & Southern Corporation, a registered holding company, filed under § 11(e) of the Public Utility Holding Company Act of 1935.[1] The SEC entered its Findings and Opinion[2] and at the request of The Commonwealth & Southern Corporation applied to this court to enforce and carry out the amended plan.

The amended plan has received the approval of the Preferred Stockholders' Committee, the largest holder of preferred stock and substantial groups of common stockholders, including the largest holder of common stock. Mr. Snyder and Miss Lownsbury, representing certain common stockholders and option warrant holders, object. Various persons owning option warrants or preferred stock also object to the fairness of the allocations.

The Snyder-Lownsbury objections are: (1) procedural; (2) constitutional; and (3) as to the fairness of the allocations.

■■ 1. There is no merit to the procedural objection. The order approving the amended plan was based upon a full and fair hearing and the charge of unconstitutionality for lack of due process is without foundation. Other charges as to constitutionality have been considered. Courts which have passed upon similar objections have decided that a plan may be fair and equitable and constitutional although contractual rights of security holders may be affected, In re Community Gas & Power Co., D.C.Del., 71 F.Supp. 171, affirmed 3 Cir., 168 F.2d 740, certiorari denied, Caplan v. Securities and Exchange Commission, 334 U.S. 846, 68 S.Ct. 1516, 92 L.Ed 1770; In re Standard Gas & Electric Co., 3 Cir., 151 F.2d 326, certiorari denied, Guaranty Trust Co. v. Securities and Exchange Commission, 327 U.S. 796, 66 S. Ct. 820, 90 L.Ed. 1022, and this applies regardless of stockholder approval by vote or otherwise. In re Illinois Power Co., D.C.Del., 74 F.Supp. 317, affirmed, In re North American Light & Power Co., 3 Cir., 170 F.2d 924; Phillips v. S.E.C., 2 Cir., 153 F.2d 27, certiorari denied 328 U.S. 860, 66 S.Ct. 1350, 90 L.Ed. 1630. As to the general charge that the Act is unconstitutional, there has been full compliance with notice and opportunity to be heard and this objection is foreclosed by decisions upholding the constitutionality of § 11. North American Co. v. S.E.C., 327 U.S. 686, 66 S.Ct. 785, 90 L.Ed. 945; American Power & Light Co. v. S.E.C., 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed. 103. And, even if the plan of liquidation may not comply with the Delaware Corporation Law, this does not give a different constitutional result. Public Service Commission of New York v. S.E.C., 2 Cir., 166 F.2d 784, certiorari denied 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763.

■ 2. The argument that the allocation of the assets is not fair and equitable must likewise be decided against Snyder-Lownsbury and other objectors. The SEC's findings of fact as to the value of the assets to be distributed are conclusive if supported by substantial evidence. So, too, the SEC's findings as to valuation based on judgment, prediction and expert-guess, are not subject to re-examination by this court where they are supported by substantial evidence and were arrived at in accordance with legal standards. Securities and Exchange Commission v. Central Illinois Corp., 69 S.Ct. 1377. The allocation of 2.80 shares of Consumer Power Company com-

[1] 15 U.S.C.A. § 79k(e).

[2] See Holding Company Act of 1935 Releases Nos. 8498 and 8633 for a complete background of Commonwealth & Southern and the SEC's analysis of the plan and as amended for fairness and equity.

mon stock, .55 of a share of Central Illinois Light Company and $1 cash, to The Commonwealth & Southern's preferred stockholders, with the residual assets going to its common stockholders, meets the test so recently announced by the Supreme Court. Regrettable that the holders of option warrants do not participate at all under the amended plan, nevertheless, the SEC's action has not been contrary to law and its findings are sustained by adequate evidence.

An order of approval may be submitted.